Good morning, Your Honors. May it please the Court, my name is David Barker. I'm amicus counsel of record on behalf of Petitioner Zamudio-Pena. This case is about two issues. First, whether or not the Federal First Offender Act applies to the petitioner in this case such that it would afford him relief from removal because of his first-time simple possession of a controlled substance. The second issue is whether or not during the immigration proceedings judge afforded Petitioner the guarantees of due process that he was entitled to. First of all, the petitioner's case here falls between two precedents of this Court. The first case, Lujan Armendariz, was decided in 2000, I believe, and the second, Chavez-Perez v. Ashraf. I believe, in Lujan, there were two aliens who were at issue in that case. Both had been convicted in Arizona, first-time simple possession of a controlled substance. Both had had their convictions expunged pursuant to an Arizona statute that allowed for expungement. Subsequently, immigration proceedings were brought and this Court decided that because the expungement had occurred, that the Federal First Offender Act would apply to those aliens. In Chavez-Perez, on the other hand, the alien had been convicted in Oregon and sentenced to jail term as well as probation. And during that probation was when the removal proceedings were brought and this Court found that because no judge had entered an order pursuant to a rehabilitation statute, that the Federal First Offender Act could not apply. Here the situation is different. Zumbido Pena was brought before an Arizona court on a charge of possession of drug paraphernalia. He pleaded guilty. And pursuant to that guilty plea, the judge suspended sentence pursuant to an Arizona rehabilitation statute, granted petitioner 18 months probation, and six days later, the government instituted removal proceedings. The difference here is that a judge in Arizona has, in fact, entered an order pursuant to an Arizona rehabilitation statute. And because of that, Zumbido Pena — It's not an order of expungement. Pardon me? It's not an order of expungement. And that's the distinction here that both Lujan and Chavez, Your Honor, discussed, that the procedural niceties of a state rehabilitation statute cannot come into play because of the Federal First Offender Act. It, in fact, is what is referred to as a deferred adjudication statute, such that a conviction is not entered at the time he's put on probation, but during probation, the rehabilitation period, it's deferred. And if he successfully completes his rehabilitation and successfully complies with probation provisions, then that conviction is never entered. And it — I would like to present at this point the issue that regardless of what the Federal First Offender Act says, the government deems that alien prosecuted under the Federal First Offender Act as convicted, as in 8 U.S.C. 1101A48A, I believe, that it says if the judge imposes some restraint on an alien's liberty, he is deemed convicted. And that was the issue that was addressed in Lujan, whether or not 1101 — I'm sorry, it may not have been Lujan. It may have been Garberding. It was a decision prior to Lujan that addressed whether or not 1101, in fact, repealed the Federal First Offender Act for purposes of first-time drug possession. So the issue here is that it doesn't matter whether or not the state enters a conviction during the rehabilitation period or will enter a conviction after the rehabilitation for purposes of the Federal First Offender Act. Because the issue that has never been decided by this court, for example, if an alien is prosecuted under federal law for first-time simple possession and he qualifies for Federal First Offender treatment, if the government brings a removal proceeding during that probation, what's going to happen to the alien? According to the — to Dicton, both Lujan and Chavez, the court says that they believe that the alien is not removable during that time period, but that the government would need to wait until the conclusion of probation in order to bring those removal proceedings. And so — He was sentenced under Arizona Code — Penal Code, I don't know whatever they call it — 13-901.01 Subdivision A. Yes. Is that right? Yes. And I guess that was part of the marijuana reform package in Arizona. Yes, it was. Is that right? Yes. And in the reply brief — Now, there's no mention in this 901.01 about what the court's supposed to do at the completion of probation proceedings. Correct. So you have to go over to 907. Correct. And under 907, any — any person who's convicted of a crime in Arizona, apparently, and who completes probation can have their sentence expunged or whatever it is. Correct. Is that right? Yes, that's correct. So that's the one that he'd have to rely upon. Well, to actually remove the Arizona conviction. But the rehabilitation provision is the 901.01a. The cases that are cited in the reply brief outline how the purposes of 901.01 is rehabilitation. And that's what this Court's precedent discusses, is the rehabilitative aspect of this. The Federal First Defender — But you want to say that just because he's sentenced under 901.01, he's entitled automatically to have — for immigration purposes, not to have his conviction or his sentence considered as a conviction for purposes of immigration. Is that right? Yes. The rule in this circuit is that if an alien is prosecuted under state law for first-time controlled substance violation, if he would have been afforded treatment under the Federal First Defender Act had he been prosecuted federally, and if a judge enters an order pursuant to a state rehabilitation statute, then the alien qualifies for the protection of the Federal First Defender Act. Enters an order in what manner? What kind of order? It's been — in Lujan, it was the order — it was the expungement order, I believe. In Lujan, one of the plaintiffs in Lujan qualified for expungement under Arizona, under 907. Was the question that they did qualify for expungement under 907? Under 907, that the crime was — it was just a very similar — Yes. Yes. One of the plaintiffs in Lujan was very similar to this situation. Yes. You're correct, Your Honor. It was the — 907, I believe, was the same expungement statute used in that case. But the issue there was their convictions had already been expunged. Now, if the issue here — if rehabilitation turns on expungement or not, that's where I'm arguing that that's not permissible under equal protection, as was addressed in Lujan and as was addressed in Dicton, in Chavez. It's important to note in Chavez, there — it was not an issue. It was not argued that an order had been entered pursuant to a state rehabilitation statute. So anything in Chavez that discusses convictions or rehabilitation statutes is not binding on this Court as mere dicta because the holding was centered on that there was no — it was not argued that there was a rehabilitation order. In this case, it's different. It's clear that the Arizona voters decided to enact Provision 901.01a as a rehabilitation measure. There are harsh consequences, as Your Honors are aware, for a simple possession conviction for a controlled substance violation under immigration laws. Petitioner has a United States citizen spouse and five United States citizen children and was not allowed at trial to present issue of hardship and was not allowed to present other issues that may have afforded him other forms of relief such as adjustment of status or post-hearing voluntary departure. And because the judge did not afford him treatment because he believed he had a conviction, these issues were not explored at all at trial. And our position is that they should be explored at trial at the very minimum if this case is remanded. If I have any time remaining, I'd like to reserve it for rebuttal. Thank you, counsel. Thank you. Good morning. May it please the Court, William Minnick representing the Respondent. This Court held in Chavez Press that the Federal First Offender Exception does not apply to convicted aliens who may become eligible for but have not yet received expungement of the conviction. And with regard to this case, there are two key facts. First, Petitioner's conviction has not been expunged. He's simply entitled to apply in the future to have it set aside pursuant to Arizona's set-aside statute, Section 13907. That's key because it means this case is squarely controlled by Chavez-Perez. The second key fact is that a formal judgment of conviction was entered against Petitioner. That's key because it means he did not receive a deferred adjudication. So this is not a Lujan footnote 28 type of case. Instead, it's a straight Chavez-Perez type of case. You mean, here he was, imposition of sentence was not suspended? The imposition of sentence was suspended, Your Honor. So that means no, so that means a judgment of guilt was entered, or it's tantamount to a judgment of guilt. It's just that sentence was deferred. That's correct, Your Honor. As opposed to just deferring everything. And letting the fellow go off to some sort of rehabilitation. Exactly, Your Honor. If you look at the order, which is at page 140 of the record, you see that the Petitioner pled guilty and the order says, it is the judgment of this court that he's found guilty. So a conviction was entered against him. And then he was simply pursuant to 13901, probation was imposed and sentencing was deferred. I think in Lujan, we made a big deal about all these little niceties in the various state rehabilitation statutes really aren't supposed to be outcome determinative. And that was true in Lujan. What the court was saying was that if an alien gets his conviction expunged, it doesn't matter how it happened. It doesn't matter if it was pursuant to a set-aside or a vacater or deferred adjudication. If at the end of the day you have your conviction expunged, it doesn't matter how you got there. But it's very relevant to this case because if he received a deferred adjudication, then he's in the situation of the hypothetical alien in footnote 28 of Lujan. But if a conviction was entered against him, and he can merely seek to have it set aside in the future, then it's a Chavez-Perez type of case. That's his problem here. Yes, Your Honor. Chavez in the government would just control the outcome of this case. That's correct, Your Honor. It's squarely controlled by Chavez. The Oregon set-aside statute that was at issue in Chavez is exactly like the Arizona, the Title 13-907 statute in this case. In other words, if he completes his probation, he may apply in the future. A judge may grant it, but it's too speculative for him to get relief. And the fact that he's received the benefit of having been placed on probation pursuant to 13, I think it's 901, I think he's arguing that he's received relief under a rehabilitation statute simply because he was placed on probation. But in Lujan, at footnote 11, the court lays out the terminology. And it's clear from footnote 11 that when the court's talking about a rehabilitative statute, it's specifically talking about expungement relief, not some other type of relief, like having the benefit of being placed on probation. It's talking about getting your conviction expunged, and it's clear that this alien hasn't received the benefit of receiving an expungement order. He can certainly apply in the future, but that's the exact... Let me ask you this. If he's still in the country and he obtains expungement, can he apply to have a reopening? No, Your Honor. If he filed a motion to reopen at the board, it would be untimely. I mean, it's possible he's already obtained that relief. I believe he was placed on probation in January of 07, so his 18-month term would have expired in June 08. He may have already applied. But again, in footnote 7 of Chavez, the panel there has explicitly said Chavez Perez may have already applied and obtained expungement of his conviction pursuant to the Oregon set-aside statute, but we simply can't consider that. It's based on the record of the board. I'm not talking about that. I'm talking about can he go to the board and ask the board to reconsider, I guess. And he cannot, Your Honor. I guess he could, but they always have authority to respond to the grant review. Yes, sir, that's absolutely correct. He has four children, doesn't he? I'm sorry, Your Honor? Doesn't he have a family and whatnot? He does. He's married to a U.S. citizen and has five U.S. citizen children, Your Honor. But under the facts of this case, there's nothing he could have done given the timing of the government's charge, right? That's correct, Your Honor. Don't you find it sort of odd that the government can prevent expungement by simply filing before the term of probation is over? Well, I mean, the Chavez court sort of addressed that in its equal protection analysis at the end of the case. And they said that the government does have a rational basis and an interest in filing charges based on the information they have in a timely manner. So we would rely on that language where this court has said the government does have an interest in removing aliens based on the information it currently has as opposed to, in that case, for instance, the Oregon set-aside statute, you had to wait three years from the date of your conviction to even apply for the expungement. And the court said that the government shouldn't have to, I think it said, sit on its hands for three years when it has information that an alien has been convicted and can then be removed. Well, that may be so. But then, on the other hand, it would make sense to me if that were so and the alien had the ability to file a motion to reopen. But there's no possible way under the government's theory that even if he gets expunged, he can take advantage of the statute even though he qualifies because the government has taken action to prevent him from qualifying in a timely manner. Right? That is true, Your Honor. I mean, it would make sense if you said there's a changed circumstance and the board can look at it and motion to reopen, but given the time limitations, that's just not possible. That's correct, Your Honor. Has the board addressed this particular situation in any precedent-setting decision? The situation of filing a motion to reopen or just in general? Well, here, as Justice Thomas is pointing out, if the government acts quickly, they can foreclose any possibility. I was just wondering if the board has addressed... Not to my knowledge, Your Honor. In other words, where the government has precluded the petitioner from obtaining relief to which he would otherwise be qualified. I don't believe the board has addressed that, Your Honor. Would you address the procedural due process issue for talking about the voluntary departure advisement? Yes, Your Honor. In this case, the immigration judge adequately informed the petitioner of his eligibility for voluntary departure. At the February 13, 2007 hearing, the immigration judge explained voluntary departure. Significantly, he explicitly told the alien the benefits of being granted voluntary departure versus being ordered removed. In other words... Could he explain the difference between pre-hearing voluntary departure and post- or conclusion-hearing voluntary departure? I read that several times. I was trying to see if I could understand it. It's less than clear. I don't think he did explain post-hearing voluntary departure. But in this case, the petitioner was not eligible for post-hearing voluntary departure because of his criminal conviction. But what was key for him was pre-hearing voluntary departure. That's right, Your Honor. And that was explained to him in record at 73 and 74. The immigration judge did explain pre-hearing voluntary departure. Granted, he didn't draw a distinction between pre- and post-hearing voluntary departure, but the petitioner was never eligible for post-hearing voluntary departure. If he would have been eligible for pre-hearing voluntary departure, it's likely he probably would have gotten it. Well, I'm not so sure the immigration judge explicitly said that he would have denied voluntary departure as a matter of discretion. Record at 99. So I'm not sure I agree he would have gotten it anyway because the immigration judge, after the alien said for the third time that he had made a false claim of citizenship to attempt to enter the United States, the immigration judge indicated that he would deny the application as a matter of discretion. But by that time, they were into a separate hearing on the issue of whether or not he was eligible for voluntary departure, post-hearing voluntary departure. That's true, Your Honor. I mean, the key thing that the government would rely on here is that the immigration judge did explain voluntary departure and petitioner said he understood his rights record at 79 and he understood the status of his case record at 91 and we would submit that from a due process analysis, that's all the due process requires is that the immigration judge explained it and the alien said he understood. In other words, the immigration judge can't reasonably be required to say, well, I don't believe you, I'm going to explain it again. I see that my time has expired, so unless the court has additional questions, I would ask the court to deny the petition. Thank you, Counsel. Thank you, Your Honor. Your Honors, if an alien is convicted under federal law under the Federal First Defender Act, the government must sit on its hands for the term of that probation and wait to bring or remove a proceeding. Similarly, in this case, petitioner would ask that the government also sit on its hands during the term of his probation so that he may be entitled to expungement of the conviction. My argument here today is that that's what equal protection requires. If the federal government has... Chavez does not address the issue where an order has been entered pursuant to a state rehabilitation statute, whereas the case here does. And so my argument is that expungement discussion in Chavez is not binding on this court. And just quickly addressing pre- and post-hearing, if something had been in the first transcript regarding pre- and post-hearing and someone had told petitioner, look, you take this now, you can come back, and I believe it may be, I don't know the exact waiting period, but it's shorter than the 10 years that he's automatically precluded if there's a removal order instituted. And that briefly addresses the due process issue. Thank you. If there are any other questions, I'd be happy to answer them.
judges: Thomas, Paez, Ezra